IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LIVINGSTON ENTERPRISES, INC., <br><br>  Plaintiff, <br><br> vs. <br><br> LEXTRON, INC., a Colorado corporation; ANIMAL HEALTH INTERNATIONAL, INC., a Colorado corporation; and BOEHRINGER INGELHEIM VETMEDICA, INC., a Delaware corporation; <br><br>  Defendants. | **8:11CV352** <br><br> **MEMORANDUM AND ORDER** |
| ANIMAL HEALTH INTERNATIONAL, INC., a Colorado corporation; <br><br>  Plaintiff, <br><br> vs. <br><br> LIVINGSTON ENTERPRISES, INC., a Nebraska corporation; <br><br>  Defendant. | **8:12CV144** |

Livingston Enterprises, Inc., ("Livingston") has moved to consolidate the above-captioned actions. (See 8:11CV352, filing no. 45; 8:12CV144, filing no. 22). Animal Health International, Inc. ("Animal Health") and Lextron, Inc, ("Lextron") oppose consolidation. Boehringer Ingelheim Vetmedica, Inc. ("Boehringer") has neither joined nor opposed the motions to consolidate. For the reasons discussed below, the cases will be consolidated.

ANALYSIS

Livingston filed an action in this forum against Animal Health and its alleged predecessor corporation, Lextron, on October 11, 2011. On January 9, 2012, it filed an amended complaint which added Boehringer as a named defendant.

The plaintiff's amended complaint alleges Livingston operates sow farms and gilt development units in Nebraska, and to promote the health of its swine stock, administered a vaccine for prevention of Porcine Reproductive and Respiratory Syndrome ("PRRS") to hogs within its facilities. Livingston claims it ordered the PRRS vaccine from Animal Health, and Animal Health filled those orders with PRRS vaccine manufactured by defendant Boehringer.

For PRRS orders placed between March and June of 2010, Livingston received vaccine for the MLV strain of PRRS vaccine. Livingston claims, however, that when it again ordered PRRS vaccine from Animal Health in October and November of 2010, Animal Health shipped vaccine for the STP strain of PRRS. Livingston alleges it was afforded no notice that the vaccine strain had changed, and after it inoculated animals within its swine herd with the PRRS STP vaccine, hogs which had previously been unexposed to the PRRS STP strain became ill, resulting in losses within the swine herd. Livingston seeks recovery for those losses on theories of strict liability, breach of warranty, and negligence. 8:11CV352, filing nos. 1 & 22.

Defendants Animal Health, Lextron, and Boehringer have filed answers denying the allegations and asserting various affirmative defenses. 8:11CV352, filing nos. 49 & 50.

Two months after Livingston sued Animal Health in the Nebraska federal court, Animal Health sued Livingston in the District Court of Weld County, Colorado. 8:12cv144, filing no. 1-1. Livingston removed the Colorado state action to the United States District Court for the District of Colorado on the basis of diversity. Livingston then moved to transfer the case to the Nebraska federal court. Animal Health filed a motion for remand.

The Colorado complaint alleges Livingston failed and refused to pay for the vaccines shipped by Animal Health to Livingston in October and November of 2010. It alleges Livingston is seeking recovery of over a million dollars for lost profits and consequential damages arising from the October 26, 2010 and November 11, 2010 vaccines received from Animal Health. In the Colorado action, Animal Health sought a judgment declaring that a liability limitation provision within the sales contract between Animal Health and Livingston prohibits Livingston's million-dollar claim for lost profits and consequential damages arising from allegedly defective vaccines.[1] 8:12cv144, filing no. 1-1. In answer to Animal health's complaint, Livingston raises the allegations of the action originally filed in this forum, and includes counterclaims for Animal Health's alleged breach of contract and for declaratory relief. 8:12cv144, filing no. 28.

Under Rule 42 of the Federal Rules of Civil Procedure, actions before a federal court may be consolidated if they involve a common question of law or fact, and consolidation would assist in avoiding unnecessary cost or delay. Fed. R. Civ. P. 42(a). Consolidation is warranted when the actions involve common parties, overlapping legal issues, and related factual scenarios, and the consolidation itself will not cause unfair prejudice. Horizon Asset Management Inc. v. H & R Block, Inc., 580 F.3d 755, 768 -769 (8th Cir. 2009).

The Colorado federal court has addressed these same issues when considering Livingston's motion for transfer. Specifically, Judge Lewis T. Babcock found:

- Livingston and Animal Health are opposing parties in both actions.

---

[1] Animal Health claims the Colorado federal court failed to assess subject matter jurisdiction before transferring the Colorado action to this forum. The court disagrees. The Colorado federal decision on Livingston's motion to transfer and Animal Health's motion for remand addressed the elements of diversity jurisdiction. 8:12cv144, filing no. 14. This court also concludes it has federal diversity jurisdiction: Plaintiff Animal Health is a Colorado corporation; defendant Livingston is a Nebraska corporation, and the amount in controversy exceeds $75,000.

- Both actions arise from transactions occurring in late 2010 and 2011: Livingston's claims in the Nebraska case center on orders it placed with Animal Health on October 26, 2010, and November 11, 2010; while Animal Health's breach of contract action seeks recovery on unpaid invoices for the October 26, 2010, and November 11, 2010 transactions.

- Both actions hinge on the parties' course of dealing and what terms were and were not included in their contract.

- In both cases, Animal Health asks the court to rule that the parties' sales contract included an enforceable limitation of liability and remedies provision that limits Livingston's recovery to only the price of the vaccine that caused the damage.

8:12cv144, filing no. 14, at CM/ECF pp. 5-7. As Judge Babcock observed, "[t]he commonalities dwarf the disparities." 8:12cv144, filing no. 14, at CM/ECF p. 7.

The two cases will involve the same witnesses, attorneys, parties, and legal and factual issues. Both trials will involve litigating whether Animal Health breached its contract with Livingston by providing an unsafe or unsuitable vaccine, and both cases will require determining the terms of the contract between the parties. Consolidation will not cause unfair prejudice to either party; the failure to consolidate will result in unnecessary costs and possible delay.

Accordingly,

IT IS ORDERED:

1) The motions to consolidate filed by Livingston Enterprises, Inc., 8:11CV352, filing no. 45, and 8:12CV144, filing no. 22), are granted.

2) The following cases are consolidated for both pretrial purposes and trial:

    8:11CV352, Livingston Enterprises, Inc. v. Lextron, Inc. et al
    8:12CV144, Animal Health International, Inc. v. Livingston Enterprises, Inc.

4

3) 8:11CV352, Livingston Enterprises, Inc. v. Lextron, Inc. et al is hereby designated as the "Lead Case," and 8:12CV144, Animal Health International, Inc. v. Livingston Enterprises, Inc. is designated as a "Member Case."

4) The court's CM/ECF System has the capacity for "spreading" text among consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in the Member Case. To this end, the parties are instructed to file in the Lead Case, 8:11CV352, all further documents except those described in paragraph 5 and to select the option "yes" in response to the System's question of whether to spread the text.

5) The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; to file items related to service of process; or to file notices of appeal.

6) If a party believes that an item in addition to those described in paragraph 5 should not be filed in both of these consolidated cases, the party must move for permission to file the item in only one of the cases. The motion must be filed in both of the consolidated cases using the spread text feature.

7) **As to both cases**, counsel for the parties shall confer and, on or before, July 30, 2012, they shall jointly file a Form 35 (Rule 26 (f)) Report, a copy of which can be found in Word or WordPerfect format at http://www.ned.uscourts.gov/forms/

8) If one or more of the parties believes a planning conference is needed to complete the Rule 26(f) Report, or if the parties cannot agree on one or more of the deadlines identified or case progression issues raised in the Rule 26(f) Report, on or before, July 23, 2012, a party shall contact my chambers at (402) 437-1670, or by email addressed to zwart@ned.uscourts.gov, to arrange a conference call.

July 2, 2012.

                                            BY THE COURT:

                                            *s/ Cheryl R. Zwart*
                                            United States Magistrate Judge